**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

WESTFIELD INSURANCE COMPANY,

               Plaintiff,

v.                               CIVIL ACTION NO.   2:12-cv-00585

CAZON, LLC, et al.,

               Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is defendant H. Lynden Graham Jr.'s Motion to Dismiss or in the Alternative Abstain or Refer to the Bankruptcy Court [Docket 24].   For the reasons discussed below, this motion is **GRANTED** with respect to defendants Bankruptcy Estate of Cazon LLC, H. Lynden Graham Jr. as trustee of the estate, and Cazon, LLC and **DENIED** with respect to the remaining defendants.

**I.**      **Background**

This case is a declaratory judgment action brought by the plaintiff, Westfield Insurance Company ("Westfield").   Westfield seeks a declaration that claims against several defendants in an ongoing state court action are not covered by three insurance policies issued by Westfield.

The state court action involves claims brought by Cazon LLC ("Cazon") and David Mitchell III against R. Robert Samples II, Ryan McGinn Samples Research, Inc., d/b/a/ RMS Strategies ("RMS"), Damsel Properties LLC ("Damsel"), Eimors Construction LLC ("Eimors"), and Aaron Wood.   The state court complaint alleges that on April 11, 2006, Damsel and Cazon

entered into a commercial lease agreement.   Under the lease agreement, Damsel leased the first floor of 222 Capitol Street in Charleston, West Virginia, to Cazon for a five-year period of use as a restaurant.   Mitchell signed the lease as one of Cazon's managing members and a guarantor on the lease.   Wood signed the lease as manager and agent of Damsel.   The state court complaint alleges that on June 1, 2006, Cazon notified Damsel by letter that Damsel was in default of certain provisions of covenants under the lease agreement.   Specifically, Cazon raised concerns about a significant water leak that had developed in the kitchen area of the restaurant.   The state court complaint further alleges that on August 15, 2007, a second letter was sent asserting that the water leak had worsened to the point where it had caused a noticeable loss of business due to a sewer-type smell and an infestation of gnats and flies associated with the leak.   The letter asserted Cazon's intention to stop paying rent immediately due to the alleged violation of covenants in the lease.   The state court complaint claims that Damsel did not fix the water leak and thereby breached both the contract and the covenant of good faith and fair dealing.   Cazon claims that it then hired outside consultants to investigate the water leak and discovered that the problem was the result of negligent construction by Eimors, which had been contracted by Damsel to construct the restaurant for Cazon.   Cazon claims that it is the third-party beneficiary of Eimors' contract with Damsel.   The state court plaintiffs claim that as a result of the defendants' actions, Cazon was forced to close on August 31, 2006.   Additionally, Cazon has brought claims against Samples based on articles that appeared in the Charleston Daily Mail on September 10, 2007, and September 11, 2007.   Cazon claims that in these articles, Samples made false, defamatory statements about Cazon and its managing members.   In addition to the various claims against each

- 2 -

of the state court defendants, the state court plaintiffs brought claims for civil conspiracy and vicarious liability for a joint venture.   (Compl. [Docket 1]).

On December 18, 2007, Cazon filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code.   H. Lynden Graham Jr. was appointed trustee of Cazon's bankruptcy estate.   On or about January 29, 2008, defendant Eimors also filed for bankruptcy. On December 24, 2008, the bankruptcy court entered an Agreed Order Granting Motion for Relief from Automatic Stay [Docket 28] in the Eimors bankruptcy proceeding, permitting Cazon, Graham, and David Mitchell to add Eimors as a defendant in the state court action.

On February 27, 2012, Westfield filed the instant suit seeking a declaratory judgment on three insurance policies:   Policy No. C.P.-3657582, which Westfield issued to RMS and Damsel ("the Samples Policy"), and Policy No. C.P.-3962053 and No. C.P.4051389, both of which Westfield issued to Eimors ("the Eimors Policies").   Westfield seeks the following declarations:

> a.   That Claimaints' claims against Samples, Wood, RMS, Damsel, and Eimors are not covered under the Samples Policy or the Eimors Policies;
> b.   That Samples, Wood, RMS, Damsel and Eimors are not owed a duty of defense or indemnity by Westfield Insurance Company under the Samples Policy of the Eimors Policies;
> c.   That Westfield be dismissed from further involvement in this action; and
> d.   That Westfield is entitled to such further and additional relief as the Court may deem just and proper.

(Compl. for Declaratory Relief [Docket 1], at 66).

On April 2, 2012, defendant Graham filed the instant motion, asserting that Westfield's pursuit of this action is "in violation of federal bankruptcy law, jurisdictional principles, and policy."   (Mem. in Support [Docket 25], ¶ 15).

- 3 -

### a.  Standard of Law

Section 362(a)(1) of Chapter 11 of the Bankruptcy Code stays "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title." *Id.*   The Fourth Circuit has noted that, "[t]he purpose of the automatic stay, in addition to protecting the relative position of creditors, is to shield the debtor from financial pressure during the pendency of the bankruptcy proceeding." *Winters v. George Mason Bank*, 94 F.3d 130, 133 (4th Cir. 1996) (citing *In re Stringer*, 847 F.2d 549 (9th Cir. 1988)).

### b.  Analysis

As an initial matter, the court must determine whether the claims against Westfield, the debtor in the bankruptcy proceeding, violate the automatic stay provision of the Bankruptcy Code. Section 362(a)(1) of Chapter 11 of the Bankruptcy Code stays "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title." *Id.*   In this case, Cazon is the debtor in a bankruptcy proceeding.   The instant case is a judicial proceeding brought against Cazon and other defendants.   The claims for which Westfield is seeking a "no coverage" determination arose months prior to Cazon's bankrtupcy.   This suit "could have been commenced before the commencement" of Cazon's bankruptcy, as the claim for which Westfield seeks to deny coverage

arose months prior to Cazon's bankruptcy petition.  *See id*.  Accordingly, the court **FINDS** that Westfield's claims against Cazon are subject to the automatic stay.  There is no evidence in the record to suggest that Westfield has sought relief from the automatic stay.  Accordingly, the court **FINDS** that Westfield has violated the automatic stay provision of the Bankruptcy Code and **ORDERS** that the plaintiff's claims against Cazon are **DISMISSED**.

The court will next consider whether the automatic stay applies to the other defendants in this case.  As a general rule, the automatic stay applies only to the debtor in bankruptcy and not to the debtor's solvent co-defendants in a pending civil action.  See *A.H. Robbins v. Piccinin*, 788 F.2d 994, 1000 (4th Cir. 1986) ("Subsection (a)(1) is generally said to be available only to the debtor, not third party defendants or co-defendants.").  There exists, however, a narrow exception to this general rule; where "unusual circumstances" are involved, the stay imposed by § 362(a)(1) may be expanded to include non-debtor co-defendants.  *Piccinin*, 788 F.2d at 1000 ("In order for relief for such non-bankrupt defendants to be available under (a)(1), there must be unusual circumstances and certainly something more that the mere fact that one of the parties to the lawsuit has filed a [petition for] Chapter 11 bankruptcy.") (internal quotation marks omitted); *Winters v. George Mason Bank*, 94 F.3d 130, 133 (4th Cir. 1996) (stating that in *Piccinin* the court "noted a narrow exception to the general rule that the automatic stay is not available to third parties").

The automatic stay may, consistent with its purpose, be expanded in the "unusual situation . . . when there is such identity between the debtor and third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor."  *Piccinin*, 788 F.2d at 1000; *see also Kreisler v. Goldberg*, 478 F.3d 209, 213 (4th Cir. 2007).  The example given by the

Fourth Circuit is "a suit against a third-party who is entitled to absolute indemnity by the debtor on account of any judgment that might result against them in the case."   *Piccinin*, 788 F.2d at 1000.

In this case, the debtor's co-defendants in federal court are defendants in a state court action brought by the debtor.   The debtor, therefore, is a third party beneficiary to the insurance policies in dispute.   It is true that as a third party beneficiary, Cazon cannot recover under the disputed policies if Westfield prevails in the declaratory judgment proceeding.   Nonetheless, Cazon is not "the real party defendant" in the sense that a judgment against the defendants would be a judgment against Cazon.   If Cazon prevails in state court, it will be entitled to recover from the state court defendants, regardless of whether or not it can collect that judgment from Westfield's insurance policy.   The court therefore **FINDS** that the narrow exception set forth in *Piccinin* does not apply in this case.   Westfield violated the automatic stay by filing suit against Cazon, but not by filing suit against the remaining defendants.   Accordingly, the defendants' motion is **GRANTED** with respect to the Bankruptcy Estate of Cazon LLC, H. Lynden Graham Jr. as trustee of the estate, and Cazon, LLC, and **DENIED** with respect to the remaining defendants.

For the reasons discussed above, Westfield's claims against the Bankruptcy Estate of Cazon LLC, H. Lynden Graham Jr. as trustee of the estate, and Cazon, LLC, violate the automatic stay of the bankruptcy case and are hereby **DISMISSED**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        August 22, 2012

Joseph R. Goodwin, Chief Judge

- 6 -