IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

WESTFIELD INSURANCE COMPANY,

        Plaintiff,

v.                                       CIVIL ACTION NO.  2:12-cv-00585

DAVID T. MITCHELL, III, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the defendant David Mitchell, III's Motion to Set Aside Default [Docket 67]. The plaintiff did not file a response opposing this motion, and the time to file a response has now passed. For the reasons discussed below and no objection appearing, this motion is **GRANTED** and the entry of default is **SET ASIDE**.

**I.    Introduction**

This case is a declaratory judgment action brought by the plaintiff, Westfield Insurance Company ("Westfield"). Westfield seeks a declaration that claims against several defendants in an ongoing state court action are not covered by three insurance policies issued by Westfield. Defendant David Mitchell was personally served but failed to answer within the time period required by the Federal Rules of Civil Procedure. On August 10, 2012, the clerk entered default against Mitchell and the other defendants in the case who had failed to answer. On August 13, 2012, the defendants against whom default had been entered filed a document entitled "Notice of Intent to File Motion to Set Aside Default" [Docket 62]. Mitchell filed the instant motion on

August 20, 2012, ten days after default had been entered. The plaintiff did not file a response opposing the motion, and the time to file a response has now passed. This motion is now ripe for review.

## II. Legal Standard

Rule 55(c) of the Federal Rules of Civil Procedure states that a court "may set aside entry of default for good cause." In assessing a motion to set aside an entry of default, a district court is to consider (1) whether the moving party has a meritorious defense to the action; (2) whether the moving party acted with reasonable promptness; (3) who bore responsibility for the default; (4) any unfair prejudice to the non-moving party; (5) whether there is a history of dilatory action; and (6) the availability of sanctions less drastic. *See Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010); *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204–05 (4th Cir. 2006). Although the factors a court must consider in evaluating a motion to vacate entry of default under Rule 55(c) and a motion to vacate a default judgment under Rule 60(b) are identical, "the burden on a movant seeking relief under the two rules is not the same." *Colleton Preparatory Acad.*, 616 F.3d at 420. Namely, "Rule 60(b)'s 'excusable neglect' standard is a more onerous standard than Rule 55(c)'s 'good cause' standard, which is more forgiving of defaulting parties because it does not implicate any interest in finality." *Id.* "Generally a default should be set aside where the moving party acts with reasonable promptness and alleges a meritorious defense." *Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967).

## III. Discussion

In the present case, Mitchell asserts that he has a meritorious defense to the complaint for declaratory judgment. He asserts that the insurance policies at issue in fact do cover the claims he

is litigating in state court. The court **FINDS** that this factor weighs in favor of setting aside the default.

Next, Mitchell asserts that he acted with reasonable promptness after learning that default had been entered against him. Default was entered by the clerk on August 10, 2012. On August 13, 2012, Mitchell filed a document entitled "Notice of Intent to File Motion to Set Aside Default" [Docket 62]. On August 20, 2012, Mitchell filed the instant motion and accompanying memorandum seeking to have the default set aside. The court **FINDS** that this factor weighs in favor of setting aside the default.

Next, Mitchell explains that he did not bear responsibility for the default, which occurred "due to inadvertence of the part of his counsel, brought about by a 'perfect storm' of circumstances occurring around and after the time the answer was due to be filed." (Mem. of Law in Supp. of Mot. to Set Aside Default [Docket 68], at 1). Mitchell explains that his attorney operates out of a law office located in the attorney's home. On June 29, 2012, Charleston was hit by a severe storm that caused power outages throughout the state and region. Mitchell asserts that his attorney lost power in the early evening on June 29, 2012, and did not regain power until the evening of July 5, 2012. (*Id.* at 5). Counsel did regain intermittent telephone and internet on July 7, 2012, but his access was not fully restored until 11:00 a.m. on July 9, 2012. Additionally, counsel was out of town from July 18, 2012 through July 22, 2012, for family reasons relating to the medical needs of counsel's disabled daughter. (*Id.* at 8). Mitchell therefore asserts that his attorney, not Mitchell, bore responsibility for the default. The court **FINDS** that this factor weighs in favor of setting aside the default.

Next, Mitchell asserts that there would be no prejudice to Westfield if his motion is granted and the default is set aside. Westfield has not filed a response indicating any prejudice, and the court does not find that Westfield will be prejudiced if the default is set aside. The court **FINDS** that this factor weighs in favor of setting aside the default.

Finally, no party has asserted that there is a history of dilatory action. The court **FINDS** that this factor weighs in favor of setting aside the default.

Having considered the relevant factors, the court **GRANTS** the defendant's motion and **ORDERS** that the default against Mitchell is hereby **SET ASIDE**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

    ENTER:  September 5, 2012

    _____
    Joseph R. Goodwin, Chief Judge