IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

WESTFIELD INSURANCE COMPANY,

        Plaintiff,

v.                                      CIVIL ACTION NO.  2:12-cv-00585

DAVID T. MITCHELL, III, et al.,

        Defendants.

**MEMORANDUM OPINION & ORDER**

Now before the court is Westfield Insurance Company's Motion for Summary Judgment on Coverage Issues [Docket 102], with regard to the policies discussed in Westfield Insurance Company's Supplemental Memorandum in Support of Motion for Summary Judgment (Additional Policies) [Docket 157]. For the reasons set forth below, the motion is **GRANTED** with regard to Policy No. BOP 3139955 and Policy No. BSP 3995319.

    **I.    Background**

        **A.  Procedural History**

This case is a declaratory judgment action brought by the plaintiff, Westfield Insurance Company ("Westfield"). Westfield's Amended Complaint [Docket 82] requested the court find that four policies issued by Westfield (Policy No. C.P. 3657582, issued to Ryan McGinn Samples Research, Inc., d/b/a/ RMS Strategies ("RMS") and Damsel Properties LLC ("Damsel"); Policy No. C.P. 3962053, issued to Eimors Construction LLC ("Eimors"); Policy No. C.P. 4051389, issued to Eimors; and Policy No. OFH 2086256, issued to R. Robert Samples II and Brenda

Samples) do not cover the claims alleged in a state court action by David T. Mitchell, III and Cazon, LLC. (*See* Am. Compl. for Decl. Relief [Docket 82]).

In February 2013, Mr. Mitchell filed his Motion for a Continuance, Entry of a New Scheduling Order and Joinder [Docket 124], where he argued that Westfield had issued two additional policies that he believed would provide coverage in the underlying state court action: Policy No. BOP 3139955 and Policy No. BSP 3995319, issued to RMS and Damsel. Westfield then filed a Motion for Leave to File Supplemental Memorandum in Support of Motion for Summary Judgment to Address Additional Policies [Docket 156], seeking to address the newly raised policies in its summary judgment briefing. In my July 25, 2013 Order, I granted Westfield's motion and permitted them to address Policy No. BOP 3139955 and Policy No. BSP 3995319. (*See* Order [Docket 167], at 3). However, at no point during this time did Westfield amend or request leave to amend its complaint to include these newly raised policies.

On October 22, 2013, I directed Westfield to amend its complaint to address these additional policies. Westfield did so. (*See* Second Am. Compl. for Decl. Relief [Docket 176]). This order will therefore address Westfield's motion for summary judgment with regard to Policy No. BOP 3139955 and Policy No. BSP 3995319.

### B. Factual History

Westfield seeks a declaration that claims against several defendants in an ongoing state court action are not covered by the insurance policies issued by Westfield. The state court action involves claims brought by Cazon LLC ("Cazon") and David Mitchell III against R. Robert Samples II, Ryan McGinn Samples Research, Inc., d/b/a/ RMS Strategies ("RMS"), Damsel Properties LLC ("Damsel"), Eimors Construction LLC ("Eimors"), and Aaron Wood. The state

court complaint alleges that on April 11, 2006, Damsel and Cazon entered into a commercial lease agreement. (*See* Am. State Court Compl. [Docket 156-5] ¶ 13). Under the lease agreement, Damsel leased the first floor of 222 Capitol Street in Charleston, West Virginia to Cazon for a five-year period of use as a restaurant, effective June 1, 2006. (*Id.*). Mr. Mitchell signed the lease as one of Cazon's managing members and as a guarantor on the lease. (*Id.*). Mr. Wood signed the lease as manager and agent of Damsel. (*Id.*). The state court complaint alleges that Damsel violated the terms of the lease by failing to fix a significant water leak in the kitchen area of the restaurant. (*Id.* ¶ 18). Cazon and Mr. Mitchell gave Damsel notice of the leak on June 1, 2007, and again on August 15, 2007. (*Id.* ¶¶ 18-19).

Cazon and Mr. Mitchell claim that they then hired outside consultants to investigate the water leak and discovered that the problem was the result of negligent construction by Eimors. (*See id.* ¶ 21). Eimors had been contracted by Damsel to construct the restaurant for Cazon. (*Id.* at ¶¶ 21-22). Cazon argues that it is the third-party beneficiary of Eimors' contract with Damsel. (*See id.* ¶ 23). Additionally, Cazon and Mr. Mitchell have brought claims against Samples based on articles that appeared in the *Charleston Daily Mail* in September of 2007. (*See id.* ¶¶ 39-42).

The policies at issue in the supplemental memorandum, Policy No. BOP 3139955 and Policy No. BSP 3995319, offered coverage to RMS and Damsel for the period from January 1, 2006 to January 1, 2007. (*See* Policy No. BOP 3139955 [Docket 156-1, 156-2]; Policy No. BSP 3995319 [Docket 156-3, 156-4]). The allegations in the state court complaint contain the following claims against RMS and/or Damsel: malicious prosecution; abuse of civil process; breach of contract; negligence related to Eimors's construction; negligent hiring of Eimors; tortious

3

interference with contract; and vicarious liability due to joint venture. (*See* Am. State Court Compl. [Docket 102-1] ¶¶ 39-72).

## II. Legal Standard

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

Although the court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor[.]" *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or unsupported speculation, without more, are insufficient to preclude the granting of a summary judgment motion. *See Felty v. Graves Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987); *Ross v. Comm'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *abrogated on other grounds*, *Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989).

**III.     Discussion**

Westfield issued Policy No. BOP 3139955 and Policy No. BSP 3995319 to RMS and Damsel for the period from January 1, 2006 to January 1, 2007. (*See* Policy No. BOP 3139955 [Docket 156-1, 156-2]; Policy No. BSP 3995319 [Docket 156-3, 156-4]). Westfield argues that neither policy offers coverage for the claims in the state court complaint because the policies were not in effect during the relevant period of time. Specifically, Westfield argues that the only events the state court complaint alleges occurred in 2006 were the entrance of the lease agreement and the work that was negligently performed by Eimors. Westfield also argues that although the state court complaint alleges that Damsel can be held liable for Eimors's alleged negligence, "[n]o harm was alleged to have resulted from the 'negligent hiring' of Eimors until 2007." (Westfield Ins. Co.'s Supp. Mem. in Supp. of Mot. for Summ. J. on Add'l Policies [Docket 157], at 3).

All of the events related to the claims malicious prosecution, abuse of civil process, breach of contract, tortious interference with contract, and vicarious liability took place after January 1, 2007. The state court complaint alleges that Damsel was in breach of the lease agreement beginning in June 2007, that RMS interfered with Cazon's lease agreement after June 2007, and that the alleged malicious prosecution and abuse of civil process began in September 2007. The timing of the coverage for the negligence claims, however, is more complicated.

The state court complaint alleges that Damsel is liable for the negligent construction performed by Eimors at 222 Capitol Street and that Damsel negligently hired Eimors to conduct the work. Policy No. BOP 3139955 provides that it applies "[t]o 'bodily injury' and 'property damage' only if . . . [t]he 'bodily injury' or 'property damage' occurs during the policy period." (Policy No. BOP 3139955 [Docket 156-2], at 9). Policy No. BSP 3995319 provides that it "applies

5

only if the 'personal injury' or 'property damage' occurs during the policy period and is caused by an 'occurrence[.]'" (Policy No. BSP 3995319 [Docket 156-4], at 15). It does not appear that the Supreme Court of Appeals of West Virginia has ever determined whether the damage in a negligence claim occurs at the time of the alleged negligence or at the time damages from the alleged negligence results. However, looking at similar language in another policy, this court previously found that "the date on which the property damage is deemed to have occurred is the date of the actual injury[.]" *Simpson-Littman Const., Inc. v. Erie Ins. Prop. & Cas. Ins. Co.*, No. CIV.A. 3:09-0240, 2010 WL 3702601, at *13 (S.D. W. Va. Sept. 13, 2010) (Chambers, J.). Other courts have found likewise. *See, e.g.*, *Mraz v. Canadian Universal Ins. Co., Ltd.*, 804 F.2d 1325, 1328 (4th Cir. 1986) ("There are situations, however, in which the existence or scope of damage remains concealed or uncertain for a period of time even though damage is occurring. The leakage of hazardous wastes as in this case is a clear example. Determining exactly when damage begins can be difficult, if not impossible. In such cases we believe that the better rule is that the occurrence is deemed to take place when the injuries first manifest themselves."); *Stillwell v. Brock Bros., Inc.*, 736 F. Supp. 201, 205 (S.D. Ind. 1990) (stating that "every jurisdiction, with the exception of Louisiana, has held that the time an accident 'occurs' is the time when the complaining party is actually injured, not the time when the wrongful act is committed"); *Mem'l Properties, LLC v. Zurich Am. Ins. Co.*, 46 A.3d 525, 533 (N.J. 2012) ("When parties dispute the identity of the operative 'occurrence' for purposes of coverage, the actual damage to the party asserting the claim, not the wrongful act that precipitated that damage, triggers the 'occurrence.'").

  As one court noted, "[t]he tort of negligence is not committed unless and until some damage is done. Therefore, the important time factor, in determining insurance coverage where the basis

of the claim is Negligence, is the time when the damage has been suffered." *Muller Fuel Oil Co. v. Ins. Co. of N. Am.*, 232 A.2d 168, 175 (N.J. App. Div. 1967). I agree with this reasoning. Neither the tort of negligence nor the tort of negligent hiring has occurred until some damage has taken place. *See Hersh v. E-T Enterprises, Ltd. P'ship*, 752 S.E.2d 336, 341 (W. Va. 2013) (negligence); *Kizer v. Harper*, 561 S.E.2d 368, 372, n.10 (W. Va. 2001) (negligent hiring). "Proof of negligence in the air . . . will not do." *Martin v. Herzog*, 228 N.Y. 164, 170 (1920) (Cardozo, J.). In this case, all of the damage alleged in the state court complaint occurred after January 1, 2007. (*See* Am. State Ct. Compl. [Docket 102-1] ¶¶ 52-62). I therefore **FIND** that neither Policy No. BOP 3139955 nor Policy No. BSP 3995319 offer the state court plaintiffs coverage for their claims.

### IV. Conclusion

For the reasons set forth above, Westfield Insurance Company's Motion for Summary Judgment on Coverage Issues [Docket 102] is **GRANTED** with regard to Policy No. BOP 3139955 and Policy No. BSP 3995319.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: May 27, 2014

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

7