# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

WESTFIELD INSURANCE COMPANY,

        Plaintiff,

v.                            CIVIL ACTION NO.   2:12-cv-00585

DAVID T. MITCHELL, III, et al.,

        Defendants.


### MEMORANDUM OPINION & ORDER

Now before the court is Westfield Insurance Company's Motion for Default Judgment [Docket 190]. For the reasons set forth below, the motion is **GRANTED**.

### I.    Background

This case is a declaratory judgment action brought by the plaintiff, Westfield Insurance Company ("Westfield"). Westfield's Second Amended Complaint [Docket 190] requests the court find that six insurance policies issued by Westfield (Policy No. C.P. 3657582, issued to Ryan McGinn Samples Research, Inc., d/b/a/ RMS Strategies ("RMS") and Damsel Properties LLC ("Damsel"); Policy No. C.P. 3962053, issued to Eimors Construction LLC ("Eimors"); Policy No. C.P. 4051389, issued to Eimors; Policy No. OFH 2086256, issued to R. Robert Samples II and Brenda Samples; Policy No. BOP 3139955, issued to RMS and Damsel; and Policy No. BSP 3995319, issued to RMS and Damsel) do not cover the claims alleged in a state court action by David T. Mitchell, III and Cazon, LLC. Defendants Wood, RMS, Damsel, and Eimors were served with the summonses and the Second Amended Complaint but never answered the complaint or

filed a notice of appearance in this case. Thus, Westfield seeks a default judgment against these defendants.

## II. Standard of Review

District courts may enter default judgment under Rule 55 of the Federal Rules of Civil Procedure. Under Rule 55(a), entry of default is warranted where "a party against whom a judgment or affirmative relief is sought has failed to plead or otherwise defend . . . ." Fed. R. Civ. P. 55. After a default is entered by the clerk, a party may seek default judgment under Rule 55(b). "Although the clear policy of the Rules is to encourage dispositions of claims on their merits, trial judges are vested with discretion, which must be liberally exercised, in entering such judgments and in providing relief therefrom." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982) (citations omitted).

Where service is proper, if a party has "failed to plead or otherwise defend," that party is in default and the well-pleaded allegations in the complaint as to liability may be taken as true. *See* Fed. R. Civ. P. 55(a); *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) ("[T]he defendant, by his default, admits plaintiff's well-pleaded allegations of fact[.]") (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (citations omitted)). However, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). "The Court may grant a default judgment when a properly served defendant fails to respond to a complaint for declaratory relief." *Scottsdale Ins. Co. v. Bounds*, No. CIV. BEL-11-2912, 2012 WL 1576105, at *3 (D. Md. May 2, 2012).

### III.     Discussion

Executed summonses for defendants Wood, RMS, Damsel, and Eimors were returned to the court on November 12, 2013. (*See* Returned Executed Summonses [Docket 181-184]). To date, none of these defendants have filed appearances, answered, or otherwise responded to the Second Amended Complaint. Therefore, Westfield requests default judgment be entered against the defendants.

Westfield's amended complaint asks the court to declare that the policies it issued do not cover Mitchell's allegations in the underlying state court complaint. "The Court may grant a default judgment when a properly served defendant fails to respond to a complaint for declaratory relief." *Scottsdale Ins. Co. v. Bounds*, No. CIV. BEL-11-2912, 2012 WL 1576105, at *3 (D. Md. May 2, 2012); *see also, e.g.*, *Nautilus Ins. Co. v. BSA Ltd. P'ship*, 602 F. Supp. 2d 641, 645–46 (D. Md. 2009) (granting default judgment in declaratory judgment action). I have already determined that summary judgment is appropriate with regard to Policy Nos. OFH 2086256, C.P. 3657582, BOP 3139955, and BSP 3995319. (*See* Mem. Op. & Order [Docket 172]; Mem. Op & Order [Docket 191]). For the same reasons set forth in those orders, I **FIND** that default judgment is appropriate with regard to Policy Nos. OFH 2086256, C.P. 3657582, BOP 3139955, and BSP 3995319.

The remaining policies that I did not grant summary judgment on were Policy No. C.P. 6962053 and Policy No. C.P. 4051389, issued to Eimors, but only with regard to Mitchell's defamation claim. Summary judgment was granted with regard to all other claims in Mitchell's state court complaint. I did not grant summary judgment with regard to the defamation claim because based on the evidence presented at summary judgment, it was not clear whether Samples

3

made the allegedly defamatory statements as a member of Eimors. (*See* Mem. Op. & Order [Docket 172], at 11-12). However, taking all of the allegations in the Second Amended Complaint as true, as I must when reviewing a motion for default judgment, default judgment is appropriate with regard to the remaining policies.

The Second Amended Complaint alleges that the defamation claim in the state court complaint does not constitute "bodily injury" or "property damage" under the policy, and was not caused by an "occurrence." (Second Am. Compl. [Docket 176], at 62). It argues this is because the defamation claim does "not allege anything which could be construed as 'bodily injury, sickness or disease or physical injury to tangible property or loss of use of tangible property'" under the policy. (*Id.*). It also argues that to the extent the defamation claim asserts intentional conduct, it is "barred by the intentional act exclusion of the Eimors policies." (*Id.*). The Second Amended Complaint further argues that the defamation claim "relate[s] solely to and arises out of the lease and landlord tenant relationship between Damsel, and did not arise from the conduct of any individual as a member, if at all, of Eimors, and as such, are not covered by the Eimors policies." (*Id.* at 63). Taking these facts as true, I **FIND** that default judgment is appropriate with regard to Policy Nos. C.P. 6962053 and C.P. 4051389.

**IV.     Conclusion**

For the reasons set forth above, Westfield's Motion for Default Judgment [Docket 190] is

**GRANTED**. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and

any unrepresented party.

ENTER:        June 18, 2014

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

5