IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

WESTFIELD INSURANCE COMPANY,

              Plaintiff,

v.                                             CIVIL ACTION NO.   2:12-cv-00585

DAVID T. MITCHELL, III, et al.,

              Defendants.

**MEMORANDUM OPINION AND ORDER**

Now before the court is the Motion to Intervene and for a Stay [Docket 196]. The Trustee for the Chapter 7 Bankruptcy Estate of Cazon, LLC ("Cazon"), formerly a party to this litigation, seeks to intervene and stay this case so mediation can be conducted. For the reasons set forth below, the motion [Docket 196] is **GRANTED**.

      **I.**    **Background**

This case is a declaratory judgment action brought by the plaintiff, Westfield Insurance Company ("Westfield"). Westfield's Second Amended Complaint [Docket 190] requests the court find that six insurance policies issued by Westfield (Policy No. C.P. 3657582, issued to Ryan McGinn Samples Research, Inc., d/b/a/ RMS Strategies and Damsel Properties LLC; Policy No. C.P. 3962053, issued to Eimors Construction LLC ("Eimors"); Policy No. C.P. 4051389, issued to Eimors; Policy No. OFH 2086256, issued to R. Robert Samples II and Brenda Samples; Policy No. BOP 3139955, issued to RMS and Damsel; and Policy No. BSP 3995319, issued to RMS and

Damsel) do not cover the claims alleged in a state court action by Defendant David T. Mitchell, III and Cazon.

Cazon and Cazon's Bankruptcy Estate were previously parties to this litigation. However, I found that allowing the case to proceed against Cazon violated the automatic stay provision of the Bankruptcy Code and dismissed Westfield's claims against Cazon and the Bankruptcy Estate. (*See* Mem. Op. & Order [Docket 69], at 4-6). Following several rounds of motions to dismiss, motions for summary judgment, and motions for default judgment, only two defendants and one factual issue remain in this case. The only remaining defendants are Defendants Samples and Mitchell. And the only remaining factual issue remaining is whether Defendant Samples was acting on behalf of Defendant Eimors when he made the allegedly defamatory statements alleged in the underlying state court complaint. (*See* Mem. Op. & Order [Docket 172], at 12).

Mr. Mitchell has had two attorneys withdraw during this litigation. On April 14, 2014, I granted Mr. Mitchell's most recent attorney permission to withdraw. (*See* Order [Docket 187]). Mr. Mitchell is currently proceeding pro se, and he has not participated in the litigation since his last attorney withdrew. Although I directed Mr. Mitchell to obtain new counsel and report back to the court, Mr. Mitchell never reported back to the court. Mr. Mitchell also failed to contribute to the pretrial order that was due on July 9, 2014. (*See* Proposed Pretrial Order [Docket 195]).

In the instant motion, Thomas H. Fluharty, the newly-appointed Trustee for Cazon's Bankruptcy Estate, seeks to intervene and stay this action so that mediation can be conducted. Defendant Samples does not oppose the motion. (*See* Resp. to Mot. to Intervene [Docket 199]). Westfield opposes the motion and primarily argues that it is untimely. (*See* Westfield Ins. Co.'s

Resp. to the Bankruptcy Estate of Cazon, LLC's Mot. to Intervene and for a Stay ("Westfield Resp."). [Docket 200]).

## II. Discussion

### A. Motion to Intervene

Intervention can be sought as of right or permissively. *See* Fed. R. Civ. P. 24. Intervention as of right must be granted to anyone who "is given an unconditional right to intervene by a federal statute" or "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." *Id.* at 24(a). Permissive intervention may be granted to someone who "is given a conditional right to intervene by a federal statute" or "has a claim or defense that shares with the main action a common question of law or fact." *Id.* at 24(b).

The Fourth Circuit has held that an applicant is entitled to intervention as of right if it can demonstrate: "(1) an interest in the subject matter of the action; (2) that the protection of this interest would be impaired because of the action; and (3) that the applicant's interest is not adequately represented by existing parties to the litigation." *Teague v. Bakker*, 931 F.2d 259, 260-61 (4th Cir. 1991) (citing *Virginia v. Westinghouse Elec. Corp.*, 542 F.2d 214, 216 (4th Cir.1976)).

First, I determine whether the Bankruptcy estate has "an interest in the subject matter" of this litigation. *Id.* A party seeking intervention as of right must demonstrate a "significantly protectable interest" in the subject matter of the litigation. *Donaldson v. United States*, 400 U.S. 517, 531 (1971). The Fourth Circuit has found that a significantly protectable interest exists "in a dispute between an insurer and its insured even when the intervenor's interest is contingent on the

3

outcome of other litigation." *Teague*, 931 F.2d at 261. Here, Cazon and the Bankruptcy Estate are parties to the underlying state court litigation. If this court were to determine that the Eimors policies provide no coverage to Mitchell and Cazon's state court claims, that would affect Cazon and the Bankruptcy Estate. Therefore, the Bankruptcy Estate has a significantly protectable interest in this litigation.

Next, I determine whether the Bankruptcy Estate's "ability to protect its interests would be impaired or impeded by disposition" of this action. *Id.* If Westfield prevails in this action, the Bankruptcy Estate and Cazon will not receive coverage for its claims in the state court action. Therefore, the Bankruptcy Estate's ability to protect its interests would be impaired by disposition of this action.

Finally, I determine whether the Bankruptcy Estate has "demonstrat[ed] that the present litigants fail adequately to protect [its] interests." *Id.* at 262. Presently, Cazon's and the Bankruptcy Estate's interests are being represented by Defendant Mitchell, who is also their co-plaintiff in the state court action. Mitchell has been proceeding pro se in this case since April, and has repeatedly ignored the court's instructions and deadlines. Mitchell failed to report to the court regarding his representation despite being instructed to do so and failed to cooperate in order to provide his sections of the parties' Proposed Pretrial Order. Accordingly, the Bankruptcy Estate's interests are not adequately protected. For these reasons, I **FIND** that the Bankruptcy Estate is entitled to intervene pursuant to Rule 24(a).

### B. Motion to Stay

Having found that the Bankruptcy Estate is entitled to intervene in this action, I must now determine whether to grant the stay the Estate has requested. "[T]he power to stay proceedings is

incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). In ruling on a motion to stay, a district court will exercise its judgment and "must weigh competing interests and maintain an even balance." *Id.* at 254-55. The Supreme Court has instructed courts to consider the following factors when determining whether to issue a stay: "(1) whether the stay applicant has made a strong showing that he [or she] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

With regard to the first factor, the Bankruptcy Estate has not made a strong showing that it is likely to succeed on the merits. However, "[s]ince the traditional stay factors contemplate individualized judgments in each case, the formula cannot be reduced to a set of rigid rules." *Id.* at 777. In this case, the balance of equities weighs in favor of granting a stay.

The Bankruptcy Estate argues that it would be irreparably injured absent a stay. A new Bankruptcy Trustee was appointed on May 21, 2014. The previous trustee had elected not to pursue the instant case. The new trustee, however, has determined that it is in the best interests of the estate to move forward in this action. The new trustee argues that the estate would be irreparably damaged without a stay, because he has just become involved in this action and seeks to mediate with the remaining parties. This would not be possible under the current scheduling order, as trial is set to begin August 4, 2014. The Bankruptcy Estate has also shown that the bankruptcy court has ordered mediation between Mitchell, Westfield, and the Bankruptcy Trustee. (*See In re: Cazon, LLC*, Order Granting Mot. to Require Mediation [Docket 201-1]). The Bankruptcy Estate

argues that it would not have time to participate in good faith mediation given the current time constraints. I agree. The current Bankruptcy Trustee has only been working in that capacity since May 21, 2014. It is in the interests of justice and comity to allow the Bankruptcy Estate a chance to mediate as ordered by the bankruptcy court before this case goes to trial.

The Bankruptcy Estate further argues that the other parties to this case would not be substantially injured by a stay. Notably, Defendant Samples stated that he does not have an objection to the Bankruptcy Estate's motion (*see* Resp. to Mot. to Intervene [Docket 199]), and Westfield's attorneys have filed a Notice of Scheduling Conflict, indicating that they have a conflict with the current trial date (*see* Notice of Scheduling Conflict [Docket 194]). Additionally, Defendant Mitchell would likely benefit from the addition and stay, as he does not currently have an attorney and has not indicated any willingness to participate in his own defense.

Westfield's only arguments in opposition to the intervention and stay are: (1) that the Bankruptcy Estate's motion is untimely; and (2) that "the value of mediation at this late stage [of the case] is questionable, at best[.]" (Westfield Resp. [Docket 200], at 4-5). "Both intervention of right and permissive intervention require 'timely application.'" *Gould v. Alleco, Inc.*, 883 F.2d 281, 286 (4th Cir. 1989) (citing Fed. R. Civ. P. 24(a), (b)). A court reviewing a motion to intervene "should look at how far the suit has progressed, the prejudice which delay might cause other parties, and the reason for the tardiness in moving to intervene." *Id.*

In this instance, despite how far this case has progressed, the balance of equities weighs in favor of granting a stay. As noted by the Bankruptcy Estate, the new trustee was only appointed in May. As discussed above, granting the stay would not injure any of the other parties to the litigation, and in fact would solve a scheduling problem that Westfield's attorneys are presently

6

facing. Additionally, Westfield's argument that mediation may not be fruitful is irrelevant in light of the bankruptcy court's order that mediation take place. Mediation has been ordered by the bankruptcy court, and as discussed above, principles of justice and comity suggest that I should respect that order and allow time for mediation before the trial in this case.

Based upon the foregoing, I **FIND** that this case should be stayed pending the results of mediation ordered by the bankruptcy court.

### III. Conclusion

For the reasons discussed above, the Bankruptcy Trustee's Motion to Intervene and for a Stay [Docket 196] is **GRANTED**. There shall be a stay of all proceedings until the conclusion of mediation or for 180 days if mediation is not then complete. The deadlines listed in the Amended Scheduling Order [Docket 193] are hereby **STRICKEN**. A new scheduling order will be entered at a later time.

The court further **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: July 29, 2014

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE